# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 27, 2010

No. 09-50400
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NICHOLAS MOLINA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-217-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Nicholas Molina appeals his conviction after a jury trial of possession of a firearm in furtherance of a drug trafficking crime, namely, manufacturing marijuana, in violation of 18 U.S.C. § 924(c)(1)(A). Molina argues that the Government failed to prove he possessed the firearm in furtherance of the drug crime.

Because Molina preserved his challenge to the sufficiency of the evidence, we review the sufficiency of the evidence de novo. *See United States v. Mitchell,*

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

484 F.3d 762, 768 (5th Cir. 2007). We view the evidence in the light most favorable to the verdict to determine whether a rational jury could have found Molina guilty beyond a reasonable doubt. *See id.* In weighing the evidence, the jurors may properly "use their common sense" and "evaluate the facts in light of their knowledge of the natural tendencies and inclinations of human beings." *United States v. Ayala*, 887 F.2d 62, 67 (5th Cir. 1989) (internal quotation marks and citation omitted).

Molina contends there was insufficient evidence that the firearm served to further marijuana manufacturing because its location next to his bed is consistent with possession for personal protection. Molina also contends that he grew the plants for personal consumption and thus had no need to protect the plants. He told officers that he possessed the pistol for "protection from robbers."

We have set forth a non-exhaustive list factors to determine whether possession furthers, advances, or helps forward a drug trafficking offense, which includes:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir.), *amended in part*, 226 F.3d 651 (5th Cir. 2000). The pistol was located next to the bed where Molina slept along with a loaded magazine and a holster, which were all readily accessible and in plain view. The pistol was in the same trailer as several of the marijuana plants. The officers discovered bagged marijuana and $460 in cash next to the pistol. In addition, the officers found a stun gun and a shotgun inside a safe in the bedroom closet and another firearm in the kitchen. The presence of the other weapons suggests that Molina possessed the pistol as part of a larger cache of weapons for the purpose of protecting the plants. The officers also

discovered a bullet proof vest inside the closet, which provides further evidence that the pistol was one of the means Molina used to protect the plants.

The jury was free to choose among any reasonable construction of the evidence, *United States v. Clark*, 577 F.3d 273, 284 (5th Cir.), *cert denied* 78 U.S.L.W. 3340 (U.S. Dec. 7, 2009) (No. 09-7224), and the foregoing evidence forms a sufficient basis for a rational juror to conclude that Molina possessed the pistol to protect the plants and thus possessed the pistol in furtherance of marijuana manufacturing. *See Ceballos-Torres*, 218 F.3d at 415.

The district court's judgment is AFFIRMED.